Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
155 East 56th Street
New York, NY 10022
T: (212) 355-6050
F: (646) 308-1178

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON FALLON,  *Plaintiff*,  v.  ANHEUSER-BUSCH, LLC,  *Defendant*. | Case No.: 14-cv-3641  **FIRST AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL** |

Plaintiff AARON FALLON, by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, hereby demands a trial by jury of all claims and issues so triable and for his First Amended Complaint against Defendant ANHEUSER-BUSCH, LLC, hereby asserts and alleges as follows:

**PARTIES**

1. Plaintiff Aaron Fallon ("Fallon" or "Plaintiff") is a resident of the State of California.

2. Plaintiff is a professional photographer who makes his living by creating and licensing photographs and video content.

1

3.  Defendant Anheuser-Busch, LLC ("AB") is a Missouri Limited Liability Company with places of business in New York, New York.

## JURISDICTION AND VENUE

4.  This is an action for copyright infringement and related claims brought by Plaintiff against Defendant for misappropriating his "The Couch" television advertisement as more fully alleged herein.

5.  Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*; 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"); and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

6.  Venue is proper in this Court under 28 U.S.C. § 1391(b) since Defendant is headquartered in this district, conducts substantial business in this District, and a substantial portion of the misconduct by Defendant giving rise to the claims asserted herein occurred in this District, and under 28 U.S.C. § 1400(a) since Defendant resides in or may be found in this District. Further, Defendant is subject to personal jurisdiction in the State of New York, and the Defendant infringed Plaintiff's copyrights in the State of New York and this District.

## FACTUAL ALLEGATIONS

7.  Plaintiff is the owner of copyrights to the subject television advertisement that Defendant copied and distributed without authorization from Plaintiff.

8.  Plaintiff shot the subject advertisement on June 28, 2011.

9.  Defendant's agent reviewed Plaintiff's website which contained the subject advertisement prior to approving him to work on another shoot on September 26, 2012.

10. Plaintiff has registered copyright with the United States Copyright Office in the subject commercial.

11. Rather than seeking permission from Plaintiff to use the subject commercial, Defendant created an unauthorized derivative work ("the infringing commercial").

12. Upon information and belief, Defendant created the infringing commercial shortly before it began to air in March 2013.

13. The infringing commercial is easily recognizable as a copy of the subject commercial, including but not limited to the copying of the following elements:

- Both commercials feature a similar depiction of roommates in their late 20s or early 30s who are in the process of replacing their couch;
- Both commercials feature a similar expression of the concept of changing one's life at that age by upgrading a couch;
- Both commercials feature a similar expression of the concept of "the end of an era";
- Both commercials feature substantially identical dialogue by the parties discovering the old couch;
- The infringing commercial borrows the color, style, and look of the couch from the subject commercial;
- Both commercial use similar language in describing the roommates affection for the couch;
- Both commercials feature other people discovering and taking the discarded couch; and
- Both commercials have the same overall look and feel.

## COUNT I
## COPYRIGHT INFRINGEMENT

14. Plaintiff repeats and re-alleges each allegation set forth in the prior paragraphs as if set forth fully herein.

15. Plaintiff is the registered owner of all copyrights in the subject commercial identified herein and that are the subject of this action.

16. Plaintiff registered his copyright in the subject commercial identified herein with

3

the United States Copyright Office prior to initiating this action.

17. Defendant infringed Plaintiff's exclusive rights in and to his creative works.

18. Defendant's conduct as alleged herein constitutes copyright infringement.

19. Defendant misappropriated and made unauthorized uses of Plaintiff's intellectual property for their own profit.

20. Defendant benefitted financially from their infringing uses of Plaintiff's creative work.

21. Defendant's conduct was intentional, willful, reckless, and/or malicious.

22. Defendant's unauthorized and infringing conduct caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

23. Plaintiff seeks all damages recoverable under any applicable agreements and/or under the Copyright Act, including statutory or actual damages and Defendant's profits attributable to the infringing use of Plaintiff's creative works and the damages suffered as a result of the lack of compensation, credit, and attribution.  Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

## COUNT II
## UNJUST ENRICHMENT

24. Plaintiff repeats and re-alleges each allegation set forth in the prior paragraphs as if set forth fully herein.

25. In the alternative, Plaintiff alleges that, in the event that Defendant's misconduct does not constitute copyright infringement then its misconduct constitutes unjust enrichment under New York, California, and/or the common law.

26. In the event that Defendant contends that its use of Plaintiff's creative work does not constitute an infringement of Plaintiff's copyrights, then Defendant's misuse of Plaintiff's

commercial still violated Plaintiff's rights to the extent that Defendant was unjustly enriched by their excessive and/or uncompensated use of Plaintiff's work.

27. Defendant was enriched by their use of Plaintiff's creative work at Plaintiff's expense.

28. Among other things, Plaintiff was deprived of significant licensing revenue justly due to him based on Defendant's misappropriation of his work.

29. Under New York and/or California law and/or under common law principles, Plaintiff seeks a full disgorgement of all of monies that Defendant obtained or derived from its uncompensated and/or excessive uses of Plaintiff's photos.

## COUNT III
**VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**

30. Plaintiff repeats and re-alleges each of the above allegations as if set forth fully herein.

31. The foregoing acts by Defendant constitute vicarious and/or contributory copyright infringement.

32. Defendant was aware or should have been aware that its agent had access to Plaintiff's created work, and copied that work in violation of the Copyright Act.

33. Notwithstanding, Defendant did nothing to prevent its agent from misappropriating Plaintiff's creative work for Defendant's gain.

34. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages and Defendant's profits attributable to the infringements, as well as all attorneys' fees and any other costs incurred in litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment and for the following relief on its behalf and on behalf of the proposed class:

1. A preliminary and permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying or distributing the infringing advertisement and to deliver to the Court for destruction or other appropriate disposition of all infringing materials, including digital files in the control or possession of Defendant;

2. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, and Defendant's profits attributable to infringement and damages suffered as a result of the lack of credit and attribution;

3. All damages allowed under any applicable contracts or agreements;

4. All allowable damages under California, New York, and/or the common law for the fraud and unjust enrichment alleged herein;

5. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

6. All allowable damages caused by and/or resulting from Defendant's violation and infringement of Plaintiff's rights in and to his creative works;

7. Any other relief authorized by law, including punitive and/or exemplary damages; and

8. For such other and further relief as the Court deems just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Dated: June 18, 2014

New York, New York.

                Respectfully submitted,

                NELSON & McCULLOCH LLP

By: _/s/ Danial A. Nelson_

                Danial A. Nelson (DN4940)
                Kevin P. McCulloch (KM0530)
                155 East 56th Street
                New York, NY 10022
                T: (212) 355-6050
                F: (646) 308-1178
                dnelson@nelsonmcculloch.com
                kmcculloch@nelsonmcculloch.com
                *Attorneys for Plaintiff*